IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE:  JUDY LESTER RIFE | ) | |
| | ) | CASE NO. 05-70788 |
| Debtor | ) | |
| | ) | CHAPTER 7 |

## MEMORANDUM DECISION

The matter before the Court is the Trustee's Objection to the Debtor's Claims of Exemption. This issue on which the Objection turns is whether the Debtor's loss of consortium claim resulting from the death of her husband in an accident that occurred in Kentucky is exempt under Virginia Code § 34-28.1 as a claim for "personal injury." A hearing was held on the Trustee's Objection on March 21, 2006. At that time, the Court took the matter under advisement and requested written argument from counsel. Both parties have since submitted written arguments to the Court. The matter is now ready for decision. For the reasons set out below, the Court will overrule the objection to the Debtor's claims of exemption.

## FINDINGS OF FACT

The Debtor filed a Chapter 13 petition on March 7, 2005. On May 5, 2005, the case was converted to a Chapter 7. On July 7, 2005, the Debtor filed an Amended Schedule C claiming an exemption under Virginia Code § 64.1-151.3 and § 34-28.1 for a "Possible Claim for Loss of Consortium, etc." The loss of consortium claim at issue is pending in Kentucky state court and results from the death of the Debtor's husband in a competitive racing accident.

(Debtor's Mem. 1). On March 1, 2006, the Chapter 7 Trustee, by counsel, filed an objection to the Debtor's Claims of Exemption on three separate issues: (1) Family Allowance, Exempt Property and Homestead Allowance from the Estate of Larry Deaune Rife; (2) Possible Claim for Loss of Consortium under § 64.1-151.3; and (3) Possible Claim for Loss of Consortium under § 34-28.1. The parties have focused their memorandums on the loss of consortium claim under Virginia Code § 34-28.1. The Court agrees that this is the critical issue and that it need not reach the other grounds advanced to sustain the claim of exemption.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. Determination of the validity of a claim of exemption is a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2)(B).

The Trustee's position is that the debtor may not exempt this loss of consortium claim as it is not a cause of action for "personal injury" under Va. Code § 34-28.1. The Trustee asserts that the statutory aspects of consortium are not of a personal nature giving rise to an injury to the person, and are not of a nature to be considered an injury. The Trustee further argues that as there is no cause of action for loss of consortium in Virginia, the Virginia legislature could not have intended a cause of action for loss of consortium to be included in the term "personal injury." The Debtor's position is that the claim is properly exempt and should be allowed. The Debtor asserts that the term "personal injury" is not limited to a physical injury to the person and that the kind of injuries that result from a loss of consortium claim qualify as exempt under

2

Virginia law.

The bankruptcy law applicable to the decision of this matter is that which existed prior to the adoption of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Section 541 of the Bankruptcy Code provides, with certain exceptions not relevant to the present case, that the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Section 522 of the Code provides that a bankruptcy debtor is entitled to keep certain property as exempt from the claims of creditors even though the property is property of the bankruptcy estate under section 541. Virginia has "opted out" of the general exemption scheme provided by the Bankruptcy Code, as permitted by 11 U.S.C. § 522(b)(1), which results in Virginia bankruptcy debtors being entitled to whatever property exemptions from the claims of creditors that they would be entitled to outside of bankruptcy under non-bankruptcy substantive law. 11 U.S.C. §522(b)(2)(A); Va. Code § 34-3.1. The debtor is required in a bankruptcy case to file a list of the property claimed as exempt, and unless a party in interest objects, "the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(l). If a party in interest does object, he or she has "the burden of proving that the exemptions are not properly claimed." Federal Rule of Bankruptcy Procedure 4003(c). It is a universally recognized principle in bankruptcy decisions that exemption laws are to be construed liberally in favor of bankruptcy debtors. *Mayer v. Nguyen (In re Nguyen)*, 211 F.3d 105, 110 (4th Cir. 2000). It is clearly the policy of the bankruptcy laws of the United States and the statutes of Virginia that debtors receive the benefit in bankruptcy of the exemptions from creditor process to which those statutes entitle them.

The state law exemptions available to Virginia residents are primarily set forth in Title 34 of the Virginia Code. Virginia Code § 34-28.1 provides that, except for certain liens, "all causes of action for personal injury or wrongful death and the proceeds derived from court award or settlement shall be exempt from creditor process against the injured person or statutory beneficiary." Debtor's counsel cites *In re Webb*, 210 B.R. 266, 271 (Bankr. E.D. Va. 1997), *affirmed* at 214 B.R. 553 (Bankr. E.D. Va. 1997), in support of his position that the term "personal injury" includes all claims for personal injuries, which may include injuries to a "person's psyche, well-being or, broadly stated, his or her personal rights." (Debtor's Mem. 3). The term "personal injury" is not defined in the Virginia Code. "[I]t is well settled that in the absence of a specific statutory definition, courts should be guided by the term's or phrase's plain and ordinary meaning, *i.e.*, its dictionary meaning." *King v. Webb (In re Webb)*, 214 B.R. 553, 555 (Bankr E.D. Va. 1997). The *Webb* court looked to Black's Law Dictionary and Webster's Dictionary to determine the plain, everyday meaning of the term "personal injury."

> The term "personal injury" has been defined as: In a narrow sense, a hurt or damage done to a man's *person*, such as a cut or bruise, . . . . as distinguished from an injury to his property or his reputation. . . . *But the term is also used (usually in statutes) in a much wider sense, and as including any injury which is an invasion of personal rights,* and in this signification it may include such injuries to the person as libel or slander, criminal conversation, malicious prosecution, false imprisonment and mental suffering.

*Webb*, 210 B.R. at 271 (citing Black's Law Dictionary 786 (6th ed. 1990)(emphasis in original).

The statute at issue contains no restriction limiting the exemption to bodily injury. As noted above, a commonly accepted definition of "personal injury" includes any injury which is an "invasion of personal rights." Therefore, the court finds that the plain language of the

statute shows that the General Assembly did not intend to exempt only causes of action for personal bodily injuries. *Id.* at 272. The question then becomes whether the definition of "personal injury" in the broad sense is broad enough to include the type of losses sustained in a loss of consortium claim.

In the instant case, the cause of action asserted by the debtor in Kentucky state court is for loss of consortium. The Kentucky statute defines "consortium" as "the right to the services, assistance, aid, society, companionship and conjugal relationship between husband and wife, or wife and husband." Ky. Rev. Stat. Ann. § 411.145. A liberal interpretation of the plain meaning of § 34-28.1 and an examination of the commonly accepted definition of "personal injury" brings the claim by the debtor within the definition of "personal injury" as that term is used in § 34-28.1. This conclusion is supported by the recent decision in *In re Walters*, No. 04-74203, 2006 WL 800726, at *2 (Bankr. W.D. Va., Mar. 22, 2006) where Judge Krumm held that the term "personal injury" was not limited only to claims for bodily injury, but was broad enough to include a cause of action for libel, malice and negligence. While not dispositive, case law cited by Debtor's counsel from other jurisdictions is also instructive on this issue. The Bankruptcy Court for the Southern District of Ohio has held that a loss of consortium claim falls within the narrower definition of "personal bodily injury" and qualified for exemption under state law. *See Matter of Young*, 93 B.R. 590 (Bankr. S.D. Ohio 1988) and *In re Tosti*, 276 B.R. 204 (Bankr. S. D. Ohio 2001). The Maryland bankruptcy court has also held that a loss of consortium claim falls within the broader definition of "personal injury" which includes non-bodily harm. *In re Longhenry*, 246 B.R. 234 (Bankr. D. Md. 2000).

The fact that Virginia does not recognize a claim for loss of consortium does not change this result. The statute states that "all" causes of action for personal injury are exempt.

> The use of the descriptive qualifier "all" and the lack of any limiting language strongly suggests that the General Assembly did not intend to create an exemption solely limited to state law causes of action or to those causes of action expressly recognized at the time the statute was enacted. In short, the court believes the General Assembly intended the nature of the injury, not the theory of recovery, would determine whether the exemption applied.

*Webb*, 210 B.R. at 274. The nature of the injury for a loss of consortium claim as described by the Kentucky legislature falls within the broad definition of "personal injury" as it is commonly used. Such an injury constitutes an injury which is considered an invasion of personal rights. Therefore, the Debtor's claim of exemption for the possible loss of consortium claim is allowed.

## CONCLUSION

For the reasons noted above, the Court will OVERRULE the Trustee's Objection to the Debtor's Claims of Exemption. An order to such effect will be entered contemporaneously with the signing of this Decision.

This 26th day of April, 2006.

_____
UNITED STATES BANKRUPTCY JUDGE